UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKEEM SHERIFF,

Petitioner,

-against-

PAUL ARTETA, Sheriff, Orange County Correctional Facility; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, U.S. Attorney General,

Respondents.

Case No. 1:26-cv-06230 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Petitioner Akeem Sheriff ("Petitioner") petitions, through counsel, for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the constitutionality of a bond hearing he received in immigration court. *See generally* Dkt. 1 ("Pet." or the "Petition"). For the following reasons, the Petition is GRANTED in part and DENIED in part.

**BACKGROUND**

Petitioner "is a legal permanent resident ('LPR') who was detained by Customs and Border Protection ('CBP') on October 28, 2025, upon his return to the United States from a five-day trip abroad." *Sheriff v. Arteta* (*Sheriff II*), No. 26-cv-04071 (JLR), 2026 WL 1786488, at *1 (S.D.N.Y. June 22, 2026). On February 9, 2026, he filed a petition for a writ of habeas corpus in which he challenged the legal basis for his detention; that petition was denied. *See Sheriff v. Catletti* (*Sheriff I*), No. 26-cv-01092 (GHW), 2026 WL 1298174, at *1 (S.D.N.Y. May 12, 2026). On May 15, 2026, Petitioner filed a second petition for a writ of habeas corpus, alleging that his continued detention (which, at that time, had been ongoing for more than seven months)

violated his Fifth Amendment due process rights. *See Sheriff II*, 2026 WL 1786488, at *2. On June 22, 2026, this Court granted that petition and ordered that the immigration court either hold a bond hearing at which the government bore the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk, or otherwise release Petitioner. *Id.* at *7. The Court further ordered that "the immigration judge shall consider, on the record, the availability of alternative conditions of release." *Id.*

Petitioner received that hearing on July 2, 2026, and the immigration judge ("IJ") found that he was a danger to the community and denied him bond. Dkt. 9-2 at 1:11, 11:14-15. The IJ relied on the following incidents and allegations from Petitioner's criminal history in reaching that finding:

> [Petitioner] has been arrested ten times between July 2017 and 2021. He was convicted of petit larceny on three occasions and served eight months for two of those convictions. Moreover, [Petitioner] was charged with robbery in the first degree, threatening use of a dangerous instrument, criminal possession of a weapon with intent to use it, and menacing with a weapon.
>
> While the Court knows that he eventually pled to petit larceny, the Court is extremely concerned with the acts described in the complaint from June 23, 2020 where he displayed a knife when confronted by an employee of the store that he was stealing from.
>
> [Petitioner] was also charged with robbery on November 15, 2020, when he pushed a store employee at a Stop & Shop when that employee attempted to retrieve stolen property.
>
> Similarly, on January 3, 2021 [Petitioner] engaged in a physical altercation with an asset loss prevention officer at Wal-Mart and was charged with robbery and possession of burglary tools.

*Id.* at 10:5-23. The IJ concluded that "no amount of money and no [alternatives to detention] could possibly stop [Petitioner] from doing whatever he feels like doing in the moment." *Id.* at 11:11-13.

Petitioner filed the instant Petition, his third, on July 22, 2026. *See* Pet. In it, he argues that Respondents have not complied with the Court's previous order, because the IJ failed to hold the government to its burden of proof at the bond hearing — specifically because the IJ relied on arrest-report allegations, which Petitioner denies, of Petitioner's violent behavior — and failed to adequately consider alternatives to detention. *See id.* at 3-4. Petitioner seeks immediate release from custody to remedy this purported failing and, in the alternative, asks that this Court conduct a new bond hearing. *Id.* at 4-5. Respondents filed a return to the Petition on August 10, 2026, *see* Dkt. 9, and a memorandum of law in opposition on August 11, 2026, *see* Dkt. 10 ("Opp."). Petitioner filed a reply on August 14, 2026. *See* Dkt. 13 ("Reply"). The Petition is fully briefed.

Because the Petition here seeks relief based on the Court's previous order, the Court construes it as a motion to enforce that previous order, which is procedurally proper and over which the Court has jurisdiction, rather than a new petition for habeas relief, which is procedurally improper and over which the Court would not have jurisdiction until Petitioner had exhausted his administrative remedies, which he has not done. *Compare Bogle v. DuBois*, 236 F. Supp. 3d 820, 823 (S.D.N.Y. 2017) ("Seeking *habeas* relief before appealing to the BIA is an 'improper' 'shortcut.' The proper procedure is to seek relief from the BIA and then, if the IJ is affirmed, file a habeas petition." (citation omitted)), *with Zeiler v. Deitsch*, 500 F.3d 157, 170 (2d Cir. 2007) ("As a general rule, once a federal court has entered judgment, it has ancillary jurisdiction over subsequent proceedings necessary to vindicate its authority, and effectuate its decrees." (citation omitted)), *and L.G.M. v. LaRocco*, 788 F. Supp. 3d 401, 406 (E.D.N.Y. 2025) ("The Court retains jurisdiction over constitutional questions that arise within IJs' adjudication of bond hearings pursuant to Section 2241 habeas petitions.").

## DISCUSSION

The Court previously decided the legal issues raised here in *C.R.C. v. Genalo*, No. 26-cv-02694 (JLR), 2026 WL 2283016 (S.D.N.Y. Aug. 7, 2026). In particular, the Court held that the IJ did not commit a constitutional violation by considering arrest-report allegations in concluding that the petitioner was a danger to the community, even though the petitioner denied those allegations, *see id.* at *5-6; that those allegations were not, as a matter of law, insufficiently clear and convincing to establish that the petitioner was a danger to the community, *id.* *6; but that the IJ failed to adequately consider alternatives to detention, *id.* at *7-8. On the basis of the latter failure, the Court granted the petitioner's motion to enforce and remanded the matter to the IJ for a supplemental bond hearing, at which the IJ was required to "make explicit findings, on the record and based on clear and convincing evidence, that [p]etitioner present[ed] a danger to the community that c[ould not] be mitigated by reasonably available alternatives to detention." *Id.* at *8.

Respondents concede that "this case does not appear to be distinguishable from this Court's decision in *C.R.C.*" on the question of alternatives to detention, Opp. at 17, and Petitioner agrees that, under *C.R.C.*'s reasoning, he is "at the least . . . entitled to a supplemental bond hearing before [the] IJ," Reply at 9. Indeed, the IJ's consideration of alternatives to detention here was even more "cursory," Opp. at 15, than the IJ's in *C.R.C.* Here, the IJ mentioned alternatives to detention only twice: first, in acknowledging that this Court's order required her to consider them, *see* Dkt. 9-2 at 2:18-21, and second, in stating that "no amount of money and no [alternatives to detention] could possibly stop [Petitioner] from doing whatever he feels like doing in the moment," *id.* at 11:11-13. As in *C.R.C.*, nothing in the bond hearing transcript reflects "any particular alternative the IJ considered or an explanation of why any such alternative would be insufficient to protect the community," *C.R.C.*, 2026 WL 2283016, at *7,

and nothing in the bond hearing transcript shows that the government even mentioned alternatives to detention, let alone established by clear and convincing evidence that none would suffice to protect the community. *See generally* Dkt. 9-2. Accordingly, as in *C.R.C.*, "the issue is not the length or persuasiveness of the IJ's reasoning; it is the apparent lack of any meaningful consideration at all as to whether there were alternatives to detention that would protect the public." *Id.* at *8 (quoting *Mendoza v. Noem*, No. 26-cv-01260 (LJL), 2026 WL 1470652, at *7 (S.D.N.Y. May 26, 2026)).

Although Petitioner agrees that he is entitled to a supplemental bond hearing under *C.R.C.*'s reasoning, he also argues that this case is "highly distinguishable" from *C.R.C.*, because the petitioner's arrest record in *C.R.C.* was "much more plainly indicative of a violent propensity than [his]," and because Petitioner "has more positive factors to support his release on bond." Reply at 9. These arguments invite the Court to reweigh the evidence that Petitioner put before the IJ, and Petitioner himself appears to recognize that this is improper. *See id.* at 4 ("This Court cannot review the weight that [the IJ] gave to Petitioner's arrest reports[.]"); *id.* at 7 ("The decision of what weight to accord the June 23, 2020 allegation was within the discretion of [the IJ] and cannot be reviewed."); *see also, e.g.*, *G.F.F. v. Francis*, No. 25-cv-07368 (JGK), 2026 WL 924072, at *3 (S.D.N.Y. Apr. 4, 2026) ("In reviewing a motion to enforce, . . . the Court's task is narrow: it is to determine whether [the Government] complied with this Court's order, not to review the hearing evidence de novo." (quoting *Arana v. Barr*, No. 19-cv-07924 (PGG) (DCF), 2020 WL 2094098, at *7 (S.D.N.Y. May 1, 2020))), *appeal filed*, No. 26-1831 (2d. Cir. July 8, 2026). The Court therefore declines the invitation, and finds only that, as in *C.R.C.*, the IJ's finding that Petitioner is a danger to the community did not violate this Court's order or the Constitution.

In sum, the Court adheres to its decision in *C.R.C.* Although the IJ here did not commit a constitutional violation in concluding that Petitioner is a danger to the community and denying him bond, the IJ did violate Petitioner's due process rights by failing to adequately consider alternatives to detention. The Court accordingly grants the Petition, construed as a motion to enforce, to the extent it seeks a supplemental bond hearing before the IJ.

## CONCLUSION

For the foregoing reasons, the Petition is GRANTED in part and DENIED in part. Petitioner's requests for immediate release and for this Court to hold a bond hearing are denied. By **August 25, 2026**, the immigration court must hold a supplemental bond hearing to determine what, if any, alternatives to detention would effectively mitigate Petitioner's danger to the community without unduly restricting Petitioner's liberty. Although Petitioner may identify such alternatives at the bond hearing, the burden of proof remains on Respondents to establish by clear and convincing evidence that those alternatives are insufficient to mitigate danger to the community. If the immigration court does not hold such a hearing by that date, Respondents must release Petitioner.

Respondents shall file a letter by **August 26, 2026**, certifying that the bond hearing has been held in accordance with this Order and reporting on the hearing's outcome.

Dated: August 18, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge